FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2001 JUN -8 PM 1:17

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AVIS JOSEPH | * | CIVIL ACTION |
| versus | * | NO. 01-1678 |
| TENET HEALTHSYSTEM HOSPITALS, INC. d/b/a TENET HEALTH CARE d/b/a TENET PHYSICIAN GROUP d/b/a TENET PHYSICIAN SERVICES and ELAINE WILSON | * * * | SECTION K  MAG. 2 |

\* \* \* \* \* \* \*

### MOTION TO STAY PENDING ARBITRATION, OR ALTERNATIVELY, TO DISMISS

Defendant, Physician Network Corporation of Louisiana d/b/a Tenet Physician Services ("TPS"), improperly identified in plaintiff's Petition as Tenet Healthsystem Hospitals, Inc. d/b/a Tenet Health Care d/b/a Tenet Physician Group d/b/a Tenet Physician Services, appearing specially and reserving all rights and defenses of every nature, moves the Court, pursuant to the Federal Arbitration Act, 9 U.S.C. §3, to stay the captioned action until the dispute between the parties has been arbitrated in accordance with the terms of the parties' arbitration agreement, or alternatively, to dismiss the action in the event that Plaintiff declines to arbitrate. The grounds for TPS' motion are set forth in

detail in the attached supporting memorandum.

>Respectfully submitted,
>
>_____
>HENRY P. JULIEN, JR., T.A. (LSBA #7548)
>THOMAS J. McGOEY II (LSBA #18330)
>The Kullman Firm, A Professional Law Corporation
>1100 Poydras Street, 1600 Energy Centre
>New Orleans, Louisiana 70163
>Telephone: (504) 524-4162
>Telecopier: (504) 596-4189
>
>COUNSEL FOR DEFENDANT, PHYSICIAN NETWORK CORPORATION

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 7th day of June, 2001, a copy of the foregoing Motion For Stay Pending Arbitration, or Alternatively, to Dismiss was served upon all counsel of record by United States mail, postage prepaid, as follows:

>Mark W. Smith, Esq.
>3838 North Causeway Boulevard
>Suite 3095, Three Lakeway Centre
>Metairie, Louisiana 70002

_____
*[signature]*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AVIS JOSEPH | * | CIVIL ACTION |
| versus | * | NO. 01-1678 |
| TENET HEALTHSYSTEM HOSPITALS, INC. d/b/a TENET HEALTH CARE d/b/a TENET PHYSICIAN GROUP d/b/a TENET PHYSICIAN SERVICES and ELAINE WILSON | * * * | SECTION K MAG. 2 |

## NOTICE OF HEARING

TO: Avis Joseph
(through her attorney of record)
Mark W. Smith, Esq.
3838 North Causeway Boulevard
Suite 3095, Three Lakeway Centre
Metairie, Louisiana 70002

PLEASE TAKE NOTICE that the motion to stay pending arbitration, or alternatively, to dismiss, filed by Physician Network Corporation of Louisiana d/b/a Tenet Physician Services will be brought for hearing before the Honorable Stanwood R. Duval, Jr. on the 1st day of August, 2001 at

9:30 a.m. or as soon thereafter as counsel may be heard.

                              Respectfully submitted,

_____
HENRY P. JULIEN, JR., T.A. (LSBA #7548)
THOMAS J. McGOEY II (LSBA #18330)
The Kullman Firm, A Professional Law Corporation
1100 Poydras Street, 1600 Energy Centre
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Telecopier: (504) 596-4189
COUNSEL FOR DEFENDANT, PHYSICIAN NETWORK CORPORATION

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 7th day of June, 2001, a copy of the foregoing Notice of Hearing was served upon all counsel of record by United States mail, postage prepaid, as follows:

                Mark W. Smith, Esq.
                3838 North Causeway Boulevard
                Suite 3095, Three Lakeway Centre
                Metairie, Louisiana 70002

_____

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| AVIS JOSEPH | * | CIVIL ACTION |
| versus | * | NO. 01-1678 |
| TENET HEALTHSYSTEM HOSPITALS, INC. d/b/a TENET HEALTH CARE d/b/a TENET PHYSICIAN GROUP d/b/a TENET PHYSICIAN SERVICES and ELAINE WILSON | * * * | SECTION K MAG. 2 |

\* \* \* \* \* \* \* \*

### MEMORANDUM IN SUPPORT OF MOTION TO STAY PENDING ARBITRATION, OR ALTERNATIVELY, TO DISMISS

Defendant, Physician Network Corporation of Louisiana d/b/a Tenet Physician Services ("TPS"), improperly identified in plaintiff's Petition as Tenet Healthsystem Hospitals, Inc. d/b/a Tenet Health Care d/b/a Tenet Physician Group d/b/a Tenet Physician Services, submits this memorandum in support of its motion under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, et seq., to stay the captioned action pending arbitration, or alternatively, to dismiss.

### Statement Of The Case

Plaintiff, Avis Joseph ("Joseph"), is a former employee of TPS, whose employment terminated on or about October 23, 1998. In this action, Joseph asserts claims of racial discrimination

under 42 U.S.C. § 1983 and La.R.S. 23:332, et seq. against TPS. These claims stem from alleged deprivation of employment opportunity following the closure of a clinic where Joseph was employed by TPS. It is undisputed that all of Joseph's claims relate to and arise out of her employment with TPS.

TPS asserts that Joseph's claims against it are subject to binding arbitration under the rules of the American Arbitration Association in accordance with an agreement between the parties. In this motion, TPS seeks an order compelling arbitration of Joseph's claims against it.

### Facts

Throughout Joseph's employment with TPS from June 1996 through October 1998, all employees of TPS and other Tenet-affiliated entities received a copy of and were governed by the Tenet employee handbook. (Ex. 1, Handbook, Ex. 2, Declaration of Cynthia C. Gagliano). The Tenet employee handbook informs employees of the company's Fair Treatment Process ("FTP"), which requires employees to submit all claims and disputes concerning their employment to a multi-step grievance process and ultimately to final and binding arbitration. The Fair Treatment Process provides that:

> Your decision to accept employment or to continue employment with
> the company constitutes your agreement to be bound by the FTP.
> Likewise, the company agrees to be bound by the FTP.

(Ex. 1 at p. 83.) The Fair Treatment Process also explains the four steps before arbitration, and the ultimate arbitration process:

> If you do not accept the decision reached in Step 4, then you have the
> right to submit the problem or dispute to final and binding arbitration.
> The arbitration process is limited to disputes, claims or controversies
> that a court of law would be authorized or have jurisdiction over to
> grant relief and that in any way arise out of, relate to or are associated

> with your employment with the Company or the termination of your employment. In such cases, an impartial and independent arbitrator -- chosen by agreement of both you and the Company -- will be retained to make a final decision on your dispute or claim, based on application of Company policies and procedures and applicable law. The arbitrator's decision is final and binding on you and the Company.

(Ex. 1 at pp. 86-87.)

Throughout the entire time period at issue, all TPS employees, including Plaintiff, were required, <u>as a condition of employment</u>, to agree to be bound by the mandatory arbitration provisions contained in the Tenet employee handbook. It is undisputed that on November 14, 1996, Joseph executed an acknowledgment in which she agreed to submit any and all claims and disputes related in any way to her employment to the Fair Treatment Process and ultimately to binding arbitration. The relevant portions of Joseph's acknowledgment state:

> I hereby voluntarily agree to use the Company's Fair Treatment Process and to submit to final and binding arbitration any and all claims and disputes that are related in any way to my employment or the termination of my employment with Tenet. I understand that final and binding arbitration will be the sole and exclusive remedy for any such claim or dispute against Tenet or its parent, subsidiary or affiliated companies or entities, and each of its and/or their employees, officers, directors or agents, and that, by agreeing to use arbitration to resolve my dispute, both the Company and I agree to forego any right we each may have had to a jury trial on issues covered by the Fair Treatment Process. I also agree that such arbitration will be conducted before an experienced arbitrator chosen by me and the Company, and will be conducted under the Federal Arbitration Act and the procedural rules of the American Arbitration Association ("AAA")

(Acknowledgment attached as Ex. 3.)

The arbitrations provided for under the Fair Treatment Process are conducted by the American Arbitration Association in accordance with its procedures. Impartial arbitrators are selected by the parties in accordance with the due process procedures provided by the Association.

(Ex. 1.) In accordance with Joseph's signed agreement, TPS remains ready and willing to arbitrate to final and binding decision all of the claims asserted in Plaintiff's lawsuit. (Ex. 2.)

The Fair Treatment Process and its requirement of binding arbitration of employment-related disputes were made known to Joseph, and she accepted this condition of employment by remaining employed at TPS and availing herself of pay and benefits from TPS while the Fair Treatment Process was in place. Whenever employment lawsuits have been filed, TPS and Tenet (and Tenet's predecessor, AMI) have consistently successfully contended that the Fair Treatment Process is mandatory and enforceable under the United States Arbitration Act. Attached to this memorandum are examples of court decisions either dismissing claims or granting motions to stay the action pending arbitration in cases involving the same Fair Treatment Process, employee handbook, and acknowledgment. (Decisions, including Jones decision from Section "S" of this Court, attached as in globo Ex. 4.)

**Argument**

A. **Federal Policy Strongly Favors Arbitration, And The Federal Arbitration Act ("FAA") Requires That Courts Rigorously Enforce Agreements To Arbitrate.**

Federal policy strongly favors arbitration. Indeed, the FAA itself directs that courts "rigorously enforce agreements to arbitrate." 9 U.S.C §1 et. seq. See also, Circuit City Stores, Inc. v. Adams, 532 U.S. ___, 132 S. Ct. 1302 (3/21/2001); Gilmer v. Interstate/Johnson Lane Corp., 500 U.S 20, 26 (1991) (claim of age discrimination subject to compulsory arbitration), citing Moses H Cone Memorial Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983); Shearson/American Express, Inc v. McMahon, 482 U.S 220, 225-26 (1987); Rojas v. TK Communications, Inc., 87 F.3d 745, 747 (5th Cir 1996) (sexual harassment claim under Title VII subject to arbitration); Bender v. A.G. Edwards & Sons, Inc., 971 F.2d 698 (11th Cir. 1992); Alford v. Dean-Witter Reynolds, Inc.,

4

939 F.2d 229, 230 (5th Cir. 1991) (Title VII claim must be arbitrated); Satarino v. A.G. Edwards & Sons, 941 F. Supp. 609, 612-13 (N.D. Tex. 1996) (ADA and FMLA claims subject to arbitration); Crawford v. West Jersey Health Systems, 847 F. SUPP. 1232 (D.N.J. 1994) (enforcing employment agreement requiring health care employee to arbitrate sex and age discrimination claims).

Arbitration is a matter of contract, and can be compelled under the FAA if there is a written agreement that evidences a transaction involving interstate commerce. 9 U.S.C. §2; Neal v. Hardee's Food Systems, Inc., 918 F.2d 34, 37 (5th Cir. 1990). The FAA also mandates a stay of the trial of any suit that is referable to arbitration, "until such arbitration has been had," and requires the court to order the parties to proceed to arbitration. 9 U.S.C. §3. In fact, any suit involving claims subject to arbitration must be stayed. Id.

**B.   The Arbitration Agreement In This Case Evidences A Transaction Involving Commerce Within The Scope Of The FAA.**

In this case, the agreement containing the arbitration provision "evidenc[es] a transaction involving commerce" as mandated by the FAA. 9 U.S.C. § 2; Snyder v. Smith, 736 F.2d 409, 417 (7th Cir.), cert. denied, 469 U S 1037 (1984) ("involving commerce" requirement "must be construed broadly"). Where contractual activity facilitates or affects commerce even tangentially, the requirement of Section 2 of the FAA is met. Rojas v. TK Communications, Inc., 87 F.3d 745, 747 (5th Cir. 1996); Williams v. CIGNA Financial Advisors, Inc., 56 F.3d 656, 659 (5th Cir. 1995). See also, Prima Paint Corp. v. Flood & Conkling Mfg. Co., 388 U.S. 395, 401-02 n. 7 (1967).

Like the health care facility in Crawford, supra, TPS is engaged in "commerce" as defined by 9 U.S.C. § 2, based on its operation of medical practices which treat of out-of-state patients, regular receipt of reimbursements through out-of-state or multi-state insurance carriers, regular

receipt of goods and services from out-of-state vendors, and regular advertisement to out-of-state locations (Ex. 2 )  Moreover, Joseph's employment as a practice supervisor at TPS facilitated TPS's interstate activities.  Id. See, Crawford, supra, at 1240.

C.  **The FAA's Requirement Of A "Written Provision" To Arbitrate Has Been Satisfied.**

The FAA specifically requires only that there be a "written provision" to arbitrate a dispute. 9 U.S.C. § 2.  In fact, written provisions need not even be signed.  Valero Refining, Inc. v. M/T Lauberhorn, 813 F.2d 60, 64 (5th Cir. 1987); Genesco v. T. Kakiuchi & Co., 815 F.2d 840, 846 (2nd Cir. 1987); First Citizens Municipal Corp v. Pershing, 546 F. Supp. 884, 887 (N.D. Ga. 1982).

Joseph signed an acknowledgment (Ex. 3) specifically agreeing to submit all employment-related claims to final and binding arbitration.  Thus, it is clear that there is a written provision to arbitrate this dispute.  Accordingly, under Section 3 of the FAA, the Court must "stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement." Williams, supra, 56 F.3d at 659.

A number of federal courts have held that continued employment after notification of the implementation of an arbitration policy binds the employee to arbitrate.  See, e.g., Riesgo v. Heidelberg Harris, Inc., 36 F. Supp. 2d 53 (D N.H. 1997); Collard v. Smith Newspapers, Inc., 915 F. Supp. 805 (S.D. W.Va. 1996); Kinnebrew v. Gulf Insurance Co., 67 FEP Cases 189 (N.D. Tex. 1994); Lang v. Burlington R.R., 835 F. Supp. 1104, 1106 (D. Minn. 1993).

Tenet's Fair Treatment Process covers all Tenet entities, including TPS.  It provides that all employment-related disputes shall be handled through a multi-step grievance procedure, with the ultimate step being resolution through binding arbitration in accordance with the rules of the American Arbitration Association.  (Ex. 1.)  An employee's decision to accept employment or to

6

continue employment with a Tenet entity constitutes the employee's agreement to be bound by the Fair Treatment Process. (Ex. 1.) The mutual agreement to arbitrate claims by the employee and Tenet means that both employee and Tenet are bound to use the Fair Treatment Process as the only means of resolving employment-related disputes, and to forego any right either may have to a jury trial on issues covered by The Fair Treatment Process. (Ex. 1 )

During her employment with TPS, Joseph was advised of Tenet's Fair Treatment Process policy, its requirement of binding arbitration of employment-related disputes, and the fact that she was subject to the policy as a condition of her employment. She signed an agreement to arbitrate.

In addition, Joseph's continued employment constitutes acceptance of the agreement to arbitrate. Lang v Burlington Northern Railroad Company, 835 F. Supp. 1104 (D. Minn 1993) As the Lang court explained:

> There is no question that the language of [the employer's] arbitration policy is sufficiently definite in form. Moreover, the corporation disseminated the policy to its employees, including the plaintiff. Since plaintiff received a copy of the provision at the time it became effective, his continued employment, with knowledge of the changed condition, constitutes acceptance of the offer and provided the necessary consideration to bind the parties.

835 F. Supp. at 1106.

**D. All Of Plaintiff's Claims Against TPS Are Within The Scope Of The Arbitration Provision.**

The Federal Arbitration Act, 9 U.S.C. § 1, et seq., evinces a liberal policy favoring arbitration agreements. See, Moses H Cone Memorial Hospital v. Mercury Const. Corp., 460 U.S. 1, 24 (1983). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." AT&T Technologies, Inc. v Communications Workers of America, 475 U.S. 643, 650

(1986); <u>Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.</u>, 473 U.S. 614, 626 (1985). <u>See also</u>, <u>Gargill Ferrous Intern v. M/V Anotori</u>, 935 S Supp. 833 (E.D. La. 1996). Arbitration must not be denied "unless it can be said with <u>positive assurance</u> that an arbitration clause is not susceptible of an interpretation which would cover the dispute at issue." <u>Mar-Len of Louisiana, Inc. v. Parsons-Gilbane</u>, 733 F.2d 633, 635 (5th Cir. 1985) (emphasis added).

A review of the complaint at bar reveals that all of Joseph's claims are employment-related. For instance, Joseph alleges in her Complaint that: "As a result of the discriminatory policies of Tenet and Ms. Wilson, Ms. Joseph was deprived of employment opportunity and/or otherwise adversely affected her status as an employee because of her race in violation of La. R.S. 23:332 et seq., and 42 U.S.C.A. 1983, et seq" (Ex. 5, Petition.)[1]

On its face, the arbitration provision requires employees to accept the process "as the sole and exclusive remedy" for any employment-related complaint that may occur as a result of their "employment or termination" from employment with Tenet or any of its facilities. (Ex. 1.) As the United States Supreme Court held in <u>Circuit City</u>:

> The Court has been quite specific in holding that arbitration agreements can be enforced under the FAA without contravening the policies of congressional enactments giving employees specific protection against discrimination prohibited by federal law; as we noted in <u>Gilmer</u>, "[b]y agreeing to arbitrate a statutory claim, a party does not forgo the substantive rights afforded by the statute; it only submits to their resolution in an arbitral, rather than a judicial, forum."

---

[1] Joseph has named TPS employee Elaine Wilson as an additional defendant but not served her. Under the Fair Treatment Process, Joseph expressly agreed to arbitrate all of her employment claims against Wilson, her co-employee, as well as TPS. (Ex. 1 at p. 83; Ex 3.)

8

Accordingly, as a matter of federal substantive law, all of Plaintiff's claims against TPS are referable to arbitration pursuant to the written provisions of the parties' agreement.[2]

## CONCLUSION

In accordance with the mandate of the Federal Arbitration Act and the Supreme Court and Fifth Circuit jurisprudence enforcing said mandate, the Court should grant TPS's motion to stay pending submission of Joseph's claims to binding arbitration. Alternatively, if Joseph declines to pursue arbitration in a timely fashion, the Court should dismiss her claims against TPS because Joseph agreed to accept arbitration as the "sole and exclusive" remedy for her claims against TPS.

Respectfully submitted,

_____
HENRY P. JULIEN, JR., T.A. (LSBA #7548)
THOMAS J. McGOEY II (LSBA #18330)
The Kullman Firm, A Professional Law Corporation
1100 Poydras Street, 1600 Energy Centre
New Orleans, Louisiana 70163
Telephone: (504) 524-4162
Telecopier: (504) 596-4189

COUNSEL FOR DEFENDANT, PHYSICIAN NETWORK CORPORATION

---

[2] State statutes are not permitted to stand in the way of enforcement of an arbitration clause, even when a statute makes litigation the exclusive remedy. Southland Corp. v. Keating, U.S. 1 (1984). For example, in Perry v. Thomas, 482 U.S. 483, 490 (1987), the Supreme Court, ruling in a case involving the California Labor Code, held that under the U.S. Constitution's Supremacy Clause, any such statute must give way to the FAA. Perry, 482 U.S. at 490. Thus, the fact that Plaintiff has asserted state law claims, which are also related to her employment, is of no moment.

9

## CERTIFICATE OF SERVICE

I certify by my signature below that on the 7th day of June, 2001, a copy of the foregoing Memorandum in Support of Motion To Stay Pending Arbitration, or Alternatively, to Dismiss was served upon all counsel of record by United States mail, postage prepaid, as follows:

> Mark W Smith, Esq.
> 3838 North Causeway Boulevard
> Suite 3095, Three Lakeway Centre
> Metairie, Louisiana 70002

**SEE RECORD FOR EXHIBITS OR ATTACHMENTS NOT SCANNED**